UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY SHARPE,

    Petitioner,                      Civil No. 2:06-CV-12206
                                          HONORABLE DENISE PAGE HOOD
v.                                    UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Beverly Sharpe, ("Petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges her convictions for second-degree murder, M.C.L.A. 750.317, and possession of a firearm in the commission of a felony ("felony-firearm"), M.C.L.A. 750.227b. Respondent has filed a motion for summary judgment, contending that the petition for writ of habeas corpus should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has not filed a response to Respondent's motion of summary judgment. For the reasons stated below, Petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

On January 22, 2001, Petitioner pleaded guilty in the Wayne County Circuit

1

Court to one count of second-degree murder and one count of felony-firearm, as part of a plea agreement where two counts of first-degree murder and one count of felony-firearm were dismissed. On March 8, 2001, Petitioner was sentenced to prison.

Petitioner never filed a direct appeal from her conviction. In her petition for writ of habeas corpus, she claims that she filed a request for the appointment of appellate counsel with the trial court on May 14, 2001, but that the trial court did not actually appoint appellate counsel until some sixteen months later. The first appellate counsel selected by the trial court, George Chatman, refused the appointment as Petitioner's appellate counsel. The second attorney selected by the trial court, John D. Roach, Jr., accepted the appointment on September 26, 2002.

On August 28, 2003, a post-conviction motion for relief from judgment was filed on Petitioner's behalf in the Wayne County Circuit Court. After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction applications, post-conviction proceedings ended in the state courts on May 31, 2005, when the Michigan Supreme Court denied Petitioner's post-conviction appeal. *People v. Sharpe,* 472 Mich. 912, 697 N.W.2d 154 (2005). The instant petition was signed and dated April 28, 2006.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because it has

not been filed within the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus is subject to dismissal where it has not been filed within the one year statute of limitations. *See e.g., Williams v. Wilson,* 149 Fed. Appx. 342 (6th Cir. 2005).

The Court must initially determine when Petitioner's conviction became "final," in order to determine when the limitations period commenced. *Williams,*

3

149 Fed. Appx. at 345. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002).

Petitioner was sentenced on March 8, 2001. Because Petitioner never filed a direct appeal from her conviction and sentence, pursuant to § 2244(d)(1)(A) and M.C.R. 7.205(F)(3), her judgment became final one year after the sentencing. *See Jagodka v. Lafler,* 148 Fed. Appx. 145, 146 (6th Cir. 2005). Petitioner's conviction therefore became final on March 8, 2002. Petitioner had until March 8, 2003 to timely file a petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on August 28, 2003, more than five months after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). Therefore, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations, and the instant petition is untimely.

4

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *id.* at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period, *id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F.3d at 642.

Petitioner never responded to Respondent's motion for summary judgment. She claims that she requested the appointment of appellate counsel on May 14, 2001, but that the trial court waited over sixteen months before it complied with her request. Assuming the truth of these allegations, Petitioner has nonetheless failed to show that she was diligent in pursuing her appellate rights.

Petitioner was sentenced on March 8, 2001. Under the court rule in effect at the time of Petitioner's plea and sentence, a trial court was required to liberally grant a request for the appointment of appellate counsel in a guilty plea case if the request was made within forty-two days of sentencing. *See People v. James,* 272 Mich. App. 182, 184 n.3, 725 N.W.2d 71 (2006)(quoting M.C.R. 6.425(F)(1)(c)). Moreover, under M.C.R. 6.425(G), a trial judge in Michigan is

5

under no duty to appoint appellate counsel for a defendant from either a trial-based or plea-based conviction unless the request for the appointment of appellate counsel is made within forty-two days of sentencing. According to Petitioner, she did not request the appointment of appellate counsel until May 14, 2001, some fifty-five days after sentencing, and after the forty-two day period for requesting the appointment of appellate counsel had expired.

Petitioner is also not entitled to equitable tolling of the limitations period because of the trial court's alleged delay in appointing appellate counsel, because Petitioner has provided this Court virtually no evidence to show that she repeatedly attempted to ascertain the status of her case from the state trial court. *See Drew v. Dep't of Corrections,* 297 F.3d 1278, 1288-89 (11th Cir. 2002).

Therefore, even if a state trial court's failure to appoint appellate counsel for a criminal defendant could provide a basis for equitable tolling of the limitations period, Petitioner would not be entitled to equitable tolling on this basis because of her failure to diligently pursue her appellate rights. *See Ellibee v. Roberts,* 122 Fed. Appx. 963, 964-65 (10th Cir. 2005). Finally, the Wayne County Circuit Court's alleged failure to respond in a timely fashion to Petitioner's request for the appointment of appellate counsel would not have revived the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D), because Petitioner, with reasonable diligence, could have discovered the fact that appellate counsel had not been appointed to represent her within the time period for seeking leave to

6

appeal. *See Brooks v. McKee,* 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004).

Petitioner has failed to offer any explanation as to why the trial court's alleged failure to timely appoint appellate counsel prevented her from filing her federal habeas petition until April 28, 2006, some eleven months after the Michigan Supreme Court rejected her post-conviction appeal. In *Miller v. Cason,* 49 Fed. Appx. 495, 497 (6th Cir. 2002), the Sixth Circuit held that the state trial court's alleged failure to give petitioner notice of his appeal rights at sentencing, its failure to timely appoint counsel to perfect a belated appeal, and its delay in the preparation of the trial transcripts for an unspecified amount of time did not toll the limitations period. Although acknowledging that these actions may have interfered with the petitioner's direct appeals in the state courts in the early 1990's, the Sixth Circuit held that petitioner was not entitled to equitable tolling because he failed to explain why these actions prevented him from filing his habeas petition until 2001.

In this case, Petitioner would not be entitled to equitable tolling because of the trial court's failure to timely appoint appellate counsel, because the eleven month delay between the conclusion of her state post-conviction proceedings and the filing of her habeas petition in this case shows a lack of due diligence on her part. *See McClendon v. Sherman,* 329 F.3d 490, 495 (6th Cir. 2003).

A final question is whether the period of limitations should be equitably

tolled for actual innocence, because "constitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). However, the actual innocence exception to AEDPA's statute of limitations is inapplicable here, because Petitioner pleaded guilty to the charges that she challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

<u>s/ DENISE PAGE HOOD</u>
**HON. DENISE PAGE HOOD**
**UNITED STATES DISTRICT COURT**

DATED: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Beverly Sharpe, Reg. No. 358554, 47500 Five Mile Rd., Plymouth, MI 48170 on September 28, 2007, by electronic and/or ordinary mail.

<u>S/William F. Lewis</u>
Case Manager